ANDREW V. DEVKAR (CA SBN 228809)
**MORGAN, LEWIS & BOCKIUS LLP**
andrew.devkar@morganlewis.com
1601 Cloverfield Blvd., Suite 2050N
Santa Monica, CA 90404-4082
Telephone: 310-255-9070
Fax:            310-907-2000

ADAM A. ALLGOOD (CA SBN 295016)
aallgood@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Tel:    713.890.5000
Fax:   713.890.5001

Attorneys for Defendant and Counter-Plaintiff
HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NEXUS DISPLAY TECHNOLOGIES LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY,<br><br>        Defendant. | **Case No**. 2:15-CV-02402-TJH-JC<br><br>**Hon. Terry J. Hatter, Jr.**<br><br>**DEFENDANT HEWLETT-PACKARD COMPANY'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
| HEWLETT-PACKARD COMPANY,<br><br>        Counter-Plaintiff,<br><br>vs.<br><br>NEXUS DISPLAY TECHNOLOGIES, LLC,<br><br>        Counter-Defendant. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

1

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Hewlett-Packard Company ("HP") files this Answer to the Complaint of Plaintiff Nexus Display Technologies LLC ("Nexus").

## THE PARTIES

1.      HP lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies the same.

2.      Admits.

## JURISDICTION AND VENUE

3.      HP admits that the Complaint purports to describe an action arising under the patent laws of the United States, Title 35 of the United States Code, but denies the legal sufficiency of Nexus's claims and allegations.  HP admits that 28 U.S.C. §§ 1331 and 1338(a) authorize this Court to hear allegations of patent infringement.  HP denies any remaining allegations in this paragraph.

4.      HP admits that it has done business in this District, but denies the remaining allegations in this paragraph and in particular any suggestion that HP has committed acts of infringement.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,295,578

5.      HP admits that U.S. Patent No. 7,295,578 ("the '578 patent") indicates on its face an issue date of November 13, 2007, and a title of "Method And Apparatus For Synchronizing Auxiliary Data And Video Data Transmitted Over A TMDS-Like Link."  HP lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies, that "NDT holds all rights, title, and interest in and to the '578 Patent."  HP denies that it "is not licensed to the '578 Patent, yet . . . knowingly, actively, and lucratively practices the patents."

6.      Denies.

7.      Denies

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

2

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

8. HP admits that the USPTO cited the '578 patent during prosecution of U.S. Patent No. 7,599,458, which was assigned to Hewlett-Packard Development Company, L.P., a wholly-owned subsidiary of HP, but denies that such citation is material to Nexus's allegation of willful infringement. HP admits that it has knowledge of the '578 patent and Nexus's infringement allegation as a result of receiving the Complaint, but denies that such knowledge is material to Nexus's allegation of willful infringement. HP denies the remaining allegations in this paragraph.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,143,328

9. HP admits that U.S. Patent No. 7,143,328 ("the '328 patent") indicates on its face an issue date of November 28, 2007, and a title of "Auxiliary Data Transmitted Within A Display's Serialized Data Stream." HP lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies, that "NDT holds all rights, title, and interest in and to the '328 Patent." HP denies that it "is not licensed to the '328 Patent, yet . . . knowingly, actively, and lucratively practices the patents."

10. Denies.

11. Denies.

12. HP admits that it has knowledge of the '328 patent and Nexus's infringement allegation as a result of receiving the Complaint, but denies that such knowledge is material to Nexus's allegation of willful infringement. HP admits that the Complaint alleges infringement of the '328 patent. HP denies that it is willfully infringing the '328 patent. HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph concerning Nexus's intentions concerning discovery, but denies that Nexus would be entitled to make out a willfulness allegation concerning the '328 patent without seeking

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

3

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

leave of Court to amend its Complaint.  HP denies the remaining allegations in this paragraph.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,835,498

13.     HP admits that U.S. Patent No. 5,835,498 ("the '498 patent") indicates on its face an issue date of November 10, 1998, and a title of "System and Method For Sending Multiple Data Signals Over a Serial Link."  HP lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies, that "NDT holds all rights, title, and interest in and to the '498 Patent."  HP denies that it "is not licensed to the '498 Patent, yet . . . knowingly, actively, and lucratively practices the patents."

14.     Denies.

15.     Denies.

16.     HP admits that the USPTO cited the '498 patent during prosecution of U.S. Patent No. 6,690,757, which was assigned to Hewlett-Packard Development Company, L.P., a wholly-owned subsidiary of HP, but denies that such citation is material to Nexus's allegation of willful infringement.  HP admits that the USPTO cited the '498 patent during prosecution of U.S. Patent No. 7,010,607, which was assigned to Hewlett-Packard Development Company, L.P., a wholly-owned subsidiary of HP, but denies that such citation is material to Nexus's allegation of willful infringement.  HP admits that it has knowledge of the '498 patent and Nexus's infringement allegation as a result of receiving the Complaint, but denies that such knowledge is material to Nexus's allegation of willful infringement.  HP denies the remaining allegations in this paragraph.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,599,439

17.     HP admits that U.S. Patent No. 7,599,439 ("the '439 patent") indicates on its face an issue date of October 6, 2009, and a title of "Method and System for Transmitting N-Bit Video Data Over Serial Link."  HP lacks knowledge or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

4

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

information sufficient to form a belief as to the truth of the allegation, and therefore denies, that "NDT holds all rights, title, and interest in and to the '439 Patent." HP denies that it "is not licensed to the '439 Patent, yet . . . knowingly, actively, and lucratively practices the patents."

18.    Denies.

19.    Denies.

20.    HP admits that it has knowledge of the '439 patent and Nexus's infringement allegation as a result of receiving the Complaint, but denies that such knowledge is material to Nexus's allegation of willful infringement. HP admits that the Complaint alleges infringement of the '439 patent. HP denies that it is willfully infringing the '439 patent. HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph concerning Nexus's intentions concerning discovery, but denies that Nexus would be entitled to make out a willfulness allegation concerning the '439 patent without seeking leave of Court to amend its Complaint. HP denies the remaining allegations in this paragraph.

## JURY DEMAND

21.    HP admits that Nexus demands a trial by jury on all issues but denies that right to a trial by jury exists as to certain of those issues. Further, HP denies the legal sufficiency of Nexus's claims and allegations. HP demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Nexus is not entitled to any of the relief requested in the Complaint. Further, notwithstanding the reference to "indirect infringement" in the Prayer for Relief, Nexus has not made out any claim concerning indirect infringement.

## AFFIRMATIVE DEFENSES

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

5

HP asserts the following defenses to the Complaint and specifically reserves the right to amend its answer with additional defenses in light of information obtained through further investigation or discovery. Nothing herein shall be construed as an admission or acknowledgment that HP bears the burden of proof as to any of the following defenses.

## FIRST AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

HP does not infringe and has not infringed, directly or indirectly, any claim of the '578 patent, the '328 patent, the '498 patent, or the '439 patent.

## SECOND AFFIRMATIVE DEFENSE
## (INVALIDITY)

The claims of the '578 patent, the '328 patent, the '498 patent, and the '439 patent are invalid for failure to satisfy one or more of the requirements of the patent laws of Title 35, United States Code, including but not limited to §§ 101, 102, 103, 112, 120, and 256.

## THIRD AFFIRMATIVE DEFENSE
## (LICENSE AND/OR EXHAUSTION)

Agreements authorize HP and/or HP suppliers to practice one or more of the '578 patent, the '328 patent, the '498 patent, and the '439 patent.  Further, as a result of such licenses, any right of enforcement that Nexus might otherwise have had has been exhausted.

## FOURTH AFFIRMATIVE DEFENSE
## (LACHES)

Nexus's claims are barred in whole or in part under the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

Any claim by Nexus for damages is limited under 35 U.S.C. § 286.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

6

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

**SIXTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MARK OR OTHERWISE PROVIDE NOTICE)**

Any claim by Nexus for damages is limited under 35 U.S.C. § 287.

**SEVENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO DISCLAIM INVALID CLAIMS)**

Any claim by Nexus for costs is precluded under 35 U.S.C. § 288.

**EIGHTH AFFIRMATIVE DEFENSE**

**(UNENFORCEABILITY, ESTOPPEL, AND/OR UNCLEAN HANDS)**

On information and belief, Nexus's claims are barred in whole, or in part, as a result of (1) the failure of Nexus and/or prior owners of the '578 patent, the '328 patent, the '498 patent, and the '439 patent to provide complete information concerning the '578 patent, the '328 patent, the '498 patent, and/or the '439 patent to standards-setting organizations, such as the Video Electronics Standard Association, despite having a duty to do so and/or (2) inconsistencies between representations that Nexus and/or prior owners previously made to standards-setting organizations and positions that Nexus has taken and/or will take in the present litigation.

**NINTH AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM)**

Nexus fails to state a claim upon which relief can be granted.

**TENTH AFFIRMATIVE DEFENSE**

**(NO ENTITLEMENT TO INJUNCTIVE RELIEF)**

Nexus is not entitled to injunctive relief because any injury to Nexus is not immediate or irreparable, Nexus would have an adequate remedy at law, and the balance of hardships and the public interest do not favor injunctive relief.  Further, Nexus has failed to plead the requisite elements for such relief.

**ELEVENTH AFFIRMATIVE DEFENSE**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

7

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

1

**(FAILURE TO JOIN INDISPENSABLE PARTIES)**

2

Nexus's claims are barred, in whole or in part, as a result of Nexus's failure

3

to join one or more necessary and/or indispensable parties.

4

**TWELFTH AFFIRMATIVE DEFENSE**

5

**(GOVERNMENT SALES)**

6

Nexus's remedies are limited by 28 U.S.C. § 1498(a).

7

**RESERVATION OF RIGHTS**

8

HP reserves the right to raise additional affirmative defenses as they become

9

known through further investigation and discovery.

10

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

11

Counterclaimant HP, on personal knowledge as to its own acts, and on

12

information and belief as to all others based on its own and its attorneys'

13

investigation, alleges Counterclaims against Nexus as follows:

14

**NATURE OF THE ACTION**

15

1.      According to the allegation set forth in the Complaint, Nexus claims

16

to be the owner of all rights, titles, and interests to the '578 patent, the '328 patent,

17

the '498 patent, and the '439 patent, including the rights to sue and recovery for

18

infringement.

19

2.      Nexus has accused HP of directly infringing, contributing to the

20

infringement of, or inducing others to infringe the '578 patent, the '328 patent, the

21

'498 patent, and the '439 patent.  HP denies that any of its products infringe any

22

valid or enforceable claim of the '578 patent, the '328 patent, the '498 patent,

23

and/or the '439 patent.

24

3.      An actual case and controversy exists between the parties concerning

25

the infringement of one or more claims of the '578 patent, the '328 patent, the '498

26

patent, and the '439 patent, and that the controversy is ripe for adjudication by this

27

Court.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

8

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

**THE PARTIES**

4.     Counterclaimant HP is a Delaware corporation having a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

5.     According to the allegations in paragraph 1 of the Complaint, Counterclaim-Defendant Nexus is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

**JURISDICTION AND VENUE**

6.     These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. The Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-02.

7.     This Court also has personal jurisdiction over Nexus because Nexus has already submitted to the jurisdiction of this judicial district by initiating the instant lawsuit.

8.     Venue for these Counterclaims is legally proper in this District pursuant to 28 U.S.C. §§ 1367 and 1391, although venue is more appropriate and convenient in another District.

**COUNTERCLAIM COUNT I**

**Declaratory Judgment of Non-infringement of the '578 Patent**

9.     HP incorporates by reference the allegations contained in Paragraphs 1 to 8 of its Counterclaims.

10.     An actual controversy exists with respect to the alleged infringement of the '578 patent.

11.     Although Nexus alleges in its Complaint that HP has directly infringed the claims of the '578 patent, HP has not directly, indirectly and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

9

jointly infringed, and does not directly, indirectly and/or jointly infringe, any valid claim of the '578 patent.

12.    A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '578 patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT II
### Declaratory Judgment of Invalidity of the '578 Patent

13.    HP incorporates by reference the allegations contained in Paragraphs 1 to 12 of its Counterclaims.

14.    An actual controversy exists with respect to the invalidity of the '578 patent.

15.    Although Nexus alleges in its Complaint that the '578 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '578 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

16.    A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '578 patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT III
### Declaratory Judgment of Non-infringement of the '328 Patent

17.    HP incorporates by reference the allegations contained in Paragraphs 1 to 16 of its Counterclaims.

18.    An actual controversy exists with respect to the alleged infringement of the '328 patent.

19.    Although Nexus alleges in its Complaint that HP has directly infringed the claims of the '328 patent, HP has not directly, indirectly and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

10

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

jointly infringed, and does not directly, indirectly and/or jointly infringe, any valid claim of the '328 patent.

20.   A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '328 patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT IV
### Declaratory Judgment of Invalidity of the '328 Patent

21.   HP incorporates by reference the allegations contained in Paragraphs 1 to 20 of its Counterclaims.

22.   An actual controversy exists with respect to the invalidity of the '328 patent.

23.   Although Nexus alleges in its Complaint that the '328 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '328 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

24.   A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '328 patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT V
### Declaratory Judgment of Non-infringement of the '498 Patent

25.   HP incorporates by reference the allegations contained in Paragraphs 1 to 24 of its Counterclaims.

26.   An actual controversy exists with respect to the alleged infringement of the '498 patent.

27.   Although Nexus alleges in its Complaint that HP has directly infringed the claims of the '498 patent, HP has not directly, indirectly and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

11

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

jointly infringed, and does not directly, indirectly and/or jointly infringe, any valid claim of the '498 patent.

28.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '498 patent is now necessary and appropriate under 28 U.S.C. § 2201.

**COUNTERCLAIM COUNT VI**

**Declaratory Judgment of Invalidity of the '498 Patent**

29.     HP incorporates by reference the allegations contained in Paragraphs 1 to 28 of its Counterclaims.

30.     An actual controversy exists with respect to the invalidity of the '498 patent.

31.     Although Nexus alleges in its Complaint that the '498 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '498 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

32.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '498 patent is now necessary and appropriate under 28 U.S.C. § 2201.

**COUNTERCLAIM COUNT VII**

**Declaratory Judgment of Non-infringement of the '439 Patent**

33.     HP incorporates by reference the allegations contained in Paragraphs 1 to 32 of its Counterclaims.

34.     An actual controversy exists with respect to the alleged infringement of the '439 patent.

35.     Although Nexus alleges in its Complaint that HP has directly infringed the claims of the '439 patent, HP has not directly, indirectly and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

jointly infringed, and does not directly, indirectly and/or jointly infringe, any valid claim of the '439 patent.

36.     A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '498 patent is now necessary and appropriate under 28 U.S.C. § 2201.

### COUNTERCLAIM COUNT VIII

### Declaratory Judgment of Invalidity of the '439 Patent

37.     HP incorporates by reference the allegations contained in Paragraphs 1 to 36 of its Counterclaims.

38.     An actual controversy exists with respect to the invalidity of the '439 patent.

39.     Although Nexus alleges in its Complaint that the '439 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '439 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

40.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '439 patent is now necessary and appropriate under 28 U.S.C. § 2201.

### RESERVATION OF RIGHTS

41.     HP reserves the right to assert additional counterclaims as they become known through further investigation and discovery.

### DEMAND FOR JURY TRIAL

HP hereby demands a trial by jury of all issues so triable in this action.

### PRAYER FOR RELIEF

WHEREFORE, HP prays for the following relief:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

13

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

A.      That Nexus's claims against HP be dismissed with prejudice and that Nexus take nothing by way of its Complaint;

B.      That judgment be rendered in favor of HP;

C.      For a declaration that HP has not infringed any claim of the '578 patent, the '328 patent, the '498 patent, or the '439 patent either directly, indirectly or jointly;

D.      For a declaration that each and every claim of the '578 patent, the '328 patent, the '498 patent, and the '439 patent is invalid and/or unenforceable;

E.      Preliminarily and permanently enjoin Nexus, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from asserting or threatening to assert against customers or potential customers of HP, or users of HP's products and services, any charge of infringement of the '578 patent, the '328 patent, the '498 patent, and/or the '439 patent;

F.      Preliminarily and permanently enjoin Nexus, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or actions against HP's customers, or users of HP's products and services, for alleged infringement of the '578 patent, the '328 patent, the '498 patent, and/or the '439 patent;

G.      For an order finding this case exceptional pursuant to 35 U.S.C. § 285 and awarding HP its reasonable attorney's fees;

H.      That HP be awarded its costs of suit incurred in this action; and

I.      For such other and further relief as the Court deems just and proper.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

14

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC

1  | Dated:          June 4, 2015            MORGAN, LEWIS & BOCKIUS LLP
2  |                                         ANDREW V. DEVKAR (228809)

3  |                                         By  /s/ Andrew Devkar
4  |                                              ANDREW V. DEVKAR (SBN 228809)
   |                                              MORGAN, LEWIS & BOCKIUS LLP
5  |                                              andrew.devkar@morganlewis.com
   |                                              1601 Cloverfield Blvd., Suite 2050N
6  |                                              Santa Monica, CA 90404-4082
   |                                              Telephone:  310-255-9070
7  |                                              Fax:          310-907-2000

8  |                                              ADAM A. ALLGOOD (CA SBN 295016)
9  |                                              aallgood@morganlewis.com
   |                                              MORGAN, LEWIS & BOCKIUS LLP
10 |                                              1000 Louisiana Street, Suite 4000
   |                                              Houston, TX 77002
11 |                                              Tel:       713.890.5000
   |                                              Fax:      713.890.5001
12 |
13 |                                              Attorneys for Defendant and Counter-Plaintiff
   |                                              HEWLETT-PACKARD COMPANY
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

15

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
CASE NO. 2:15-CV-02402-TJH-JC