Alisa A. Lipski, (SBN 278710)
Ahmad, Zavitsanos, Anaipakos,
Alavi & Mensing P.C.
1221 McKinney, Ste. 3460
Houston, TX 77010
(713) 655-1101 – Main
(713) 655-0062 – Facsimile
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NEXUS DISPLAY TECHNOLOGIES, LLC<br><br>*Plaintiff,*<br><br>vs.<br><br>HEWLETT-PACKARD COMPANY,<br><br>*Defendant.* | No.  CV 15-02402 TJH-JC<br><br>Judge: Hon. Terry J. Hatter, Jr.<br><br>PLAINTIFF NEXUS DISPLAY TECHNOLOGIES LLC'S ANSWER TO DEFENDANT HEWLETT-PACKARD COMPANY'S COUNTERCLAIMS |

Plaintiff Nexus Display Technologies, LLC ("NDT"), by and through its undersigned counsel, files this Answer to the Counterclaims filed by defendant Hewlett-Packard Company ("HP").  NDT answers HP's counterclaims using the same paragraph numbers used in HP's pleading.

1

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaimant HP, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Nexus as follows:

**NDT's Answer:** NDT repeats and re-alleges and incorporates herein the allegations and claims contained in NDT's Complaint. NDT admits that HP purports to state counterclaims.

## NATURE OF THE ACTION

1.  According to the allegation set forth in the Complaint, Nexus claims to be the owner of all rights, titles, and interests to the '578 patent, the '328 patent, the '498 patent, and the '439 patent, including the rights to sue and recovery for infringement.

**NDT's Answer:** Admitted.

2.  Nexus has accused HP of directly infringing, contributing to the infringement of, or inducing others to infringe the '578 patent, the '328 patent, the '498 patent, and the '439 patent. HP denies that any of its products infringe any valid or enforceable claim of the '578 patent, the '328 patent, the '498 patent, and/or the '439 patent.

**NDT's Answer:** NDT admits that it has accused HP of directly infringing, contributing to the infringement of, or inducing others to infringe the '578 patent, the '328 patent, the '498 patent, and the '439 patent. NDT also admits that HP

2

purports to deny that any of its products infringe any valid or enforceable claim of the '578 patent, the '328 patent, the '498 patent, and/or the '439 patent. NDT denies any remaining allegations in this paragraph.

3.  An actual case and controversy exists between the parties concerning the infringement of one or more claims of the '578 patent, the '328 patent, the '498 patent, and the '439 patent, and that the controversy is ripe for adjudication by this Court.

**NDT's Answer:** Admitted.

## THE PARTIES

4.  Counterclaimant HP is a Delaware corporation having a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

**NDT's Answer:** Admitted.

5.  According to the allegations in paragraph 1 of the Complaint, Counterclaim-Defendant Nexus is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

**NDT's Answer:** Admitted.

## JURISDICTION AND VENUE

6.  These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et. seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. The

3

Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201-02.

**NDT's Answer:** NDT admits that HP purports to state counterclaims seeking a declaration of non-infringement and invalidity of the asserted patents. NDT further admits that the Court has subject matter jurisdiction over such counterclaims. However, NDT denies that HP is entitled to the relief sought in the counterclaims.

7.  This Court also has personal jurisdiction over Nexus because Nexus has already submitted to the jurisdiction of this judicial district by initiating the instant lawsuit.

**NDT's Answer:** Admitted.

8.  Venue for these Counterclaims is legally proper in this District pursuant to 28 U.S.C. §§ 1367 and 1391, although venue is more appropriate and convenient in another District.

**NDT's Answer:** NDT admits that venue for these counterclaims is legally proper in this District pursuant to 28 U.S.C. §§ 1367 and 1391. NDT denies all other allegations in this paragraph.

## COUNTERCLAIM COUNT I

### Declaratory Judgment of Non-infringement of the '578 Patent

9.  HP incorporates by reference the allegations contained in Paragraphs 1 to 8 of its Counterclaims.

**NDT's Answer:** NDT restates and incorporates by reference its responses set forth in Paragraphs 1 to 8 above.

10. An actual controversy exists with respect to the alleged infringement of the '578 patent.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

11. Although Nexus alleges in its Complaint that HP has directly infringed the claims of the '578 patent, HP has not directly, indirectly and/or jointly infringed, and does not directly, indirectly and/or jointly infringe, any valid claim of the '578 patent.

**NDT's Answer:** NDT admits that it has alleged in its Complaint that HP has directly infringed the claims of the '578 patent. NDT denies any remaining allegations in this paragraph.

12.  A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '578 patent is now necessary and appropriate under 28 U.S.C. § 2201.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment

that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

## COUNTERCLAIM COUNT II

### Declaratory Judgment of Invalidity of the '578 Patent

13.  HP incorporates by reference the allegations contained in Paragraphs 1 to 12 of its Counterclaims.

**NDT's Answer:** NDT restates and incorporates by reference its responses set forth in Paragraphs 1 to 12 above.

14. An actual controversy exists with respect to the invalidity of the '578 patent.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

15. Although Nexus alleges in its Complaint that the '578 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '578 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

**NDT's Answer:** NDT admits that it alleges in its Complaint that the '578 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. NDT denies any remaining allegations in this paragraph.

6

16. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '578 patent is now necessary and appropriate under 28 U.S.C. § 2201.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

## COUNTERCLAIM COUNT III

### Declaratory Judgment of Non-infringement of the '328 Patent

17. HP incorporates by reference the allegations contained in Paragraphs 1 to 16 of its Counterclaims.

**NDT's Answer:** NDT restates and incorporates by reference its responses set forth in Paragraphs 1 to 16 above.

18. An actual controversy exists with respect to the alleged infringement of the '328 patent.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

19. Although Nexus alleges in its Complaint that HP has directly infringed the claims of the '328 patent, HP has not directly, indirectly and/or jointly infringed,

7

and does not directly, indirectly and/or jointly infringe, any valid claim of the '328 patent.

**NDT's Answer:** NDT admits that it alleges in its Complaint that HP has directly infringed the claims of the '328 patent. NDT denies any remaining allegations in this paragraph.

20. A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '328 patent is now necessary and appropriate under 28 U.S.C. § 2201.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Invalidity of the '328 Patent

21. HP incorporates by reference the allegations contained in Paragraphs 1 to 20 of its Counterclaims.

**NDT's Answer:** NDT restates and incorporates by reference its responses set forth in Paragraphs 1 to 20 above.

22. An actual controversy exists with respect to the invalidity of the '328 patent.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment

8

that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

23. Although Nexus alleges in its Complaint that the '328 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '328 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

**NDT's Answer:** NDT admits that it alleges in its Complaint that the '328 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. NDT denies any remaining allegations in this paragraph.

24. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '328 patent is now necessary and appropriate under 28 U.S.C. § 2201.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

## <u>COUNTERCLAIM COUNT V</u>

## <u>Declaratory Judgment of Non-infringement of the '498 Patent</u>

25. HP incorporates by reference the allegations contained in Paragraphs 1 to 24 of its Counterclaims.

**NDT's Answer:** NDT restates and incorporates by reference its responses set forth in Paragraphs 1 to 24 above.

26. An actual controversy exists with respect to the alleged infringement of the '498 patent.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

27. Although Nexus alleges in its Complaint that HP has directly infringed the claims of the '498 patent, HP has not directly, indirectly and/or jointly infringed, and does not directly, indirectly and/or jointly infringe, any valid claim of the '498 patent.

**NDT's Answer:** NDT admits that it alleges in its Complaint that HP has directly infringed the claims of the '498 patent. NDT denies any remaining allegations in this paragraph.

28. A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '498 patent is now necessary and appropriate under 28 U.S.C. § 2201.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment

PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

## **COUNTERCLAIM COUNT VI**

### **Declaratory Judgment of Invalidity of the '498 Patent**

29. HP incorporates by reference the allegations contained in Paragraphs 1 to 28 of its Counterclaims.

**NDT's Answer:** NDT restates and incorporates by reference its responses set forth in Paragraphs 1 to 28 above.

30. An actual controversy exists with respect to the invalidity of the '498 patent.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

31. Although Nexus alleges in its Complaint that the '498 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '498 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

**NDT's Answer:** NDT admits that it alleges in its Complaint that the '498 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. NDT denies any remaining allegations in this paragraph.

32. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '498 patent is now necessary and appropriate under 28 U.S.C. § 2201.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

## COUNTERCLAIM COUNT VII

### Declaratory Judgment of Non-infringement of the '439 Patent

33. HP incorporates by reference the allegations contained in Paragraphs 1 to 32 of its Counterclaims.

**NDT's Answer:** NDT restates and incorporates by reference its responses set forth in Paragraphs 1 to 32 above.

34. An actual controversy exists with respect to the alleged infringement of the '439 patent.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

35. Although Nexus alleges in its Complaint that HP has directly infringed the claims of the '439 patent, HP has not directly, indirectly and/or jointly infringed,

and does not directly, indirectly and/or jointly infringe, any valid claim of the '439 patent.

**NDT's Answer:** NDT admits that it alleges in its Complaint that HP has directly infringed the claims of the '439 patent. NDT denies any remaining allegations in this paragraph.

36. A judicial determination of the respective rights of the parties with respect to the infringement of the claims of the '498 patent is now necessary and appropriate under 28 U.S.C. § 2201.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

<u>**COUNTERCLAIM COUNT VIII**</u>

<u>**Declaratory Judgment of Invalidity of the '439 Patent**</u>

37. HP incorporates by reference the allegations contained in Paragraphs 1 to 36 of its Counterclaims.

**NDT's Answer:** NDT restates and incorporates by reference its responses set forth in Paragraphs 1 to 36 above.

38. An actual controversy exists with respect to the invalidity of the '439 patent.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment

13

that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

39. Although Nexus alleges in its Complaint that the '439 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code, each and every claim of the '439 patent is invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

**NDT's Answer:** NDT admits that it alleges in its Complaint that the '439 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. NDT denies any remaining allegations in this paragraph.

40. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '439 patent is now necessary and appropriate under 28 U.S.C. § 2201.

**NDT's Answer:** NDT admits that standing and jurisdiction is proper for this counterclaim. However, NDT denies that HP is entitled to the declaratory judgment that it seeks in its counterclaim. Except as expressly admitted, NDT denies the allegations in this paragraph.

## **RESERVATION OF RIGHTS**

41. HP reserves the right to assert additional counterclaims as they become known through further investigation and discovery.

**NDT's Answer:** NDT admits that HP has the right to assert additional counterclaims as allowed by the Federal Rules of Civil Procedure and/or orders of this Court. Except as expressly admitted, NDT denies the allegations of this paragraph.

## DEMAND FOR JURY TRIAL

HP hereby demands a trial by jury of all issues so triable in this action.

**NDT's Answer:** No response required.

## PRAYER FOR RELIEF

WHEREFORE, HP prays for the following relief:

A. That Nexus's claims against HP be dismissed with prejudice and that Nexus take nothing by way of its Complaint;

B. That judgment be rendered in favor of HP;

C. For a declaration that HP has not infringed any claim of the '578 patent, the '328 patent, the '498 patent, or the '439 patent either directly, indirectly or jointly;

D. For a declaration that each and every claim of the '578 patent, the '328 patent, the '498 patent, and the '439 patent is invalid and/or unenforceable;

E. Preliminarily and permanently enjoin Nexus, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from asserting or threatening to assert against customers or potential customers of HP, or users of

HP's products and services, any charge of infringement of the '578 patent, the '328 patent, the '498 patent, and/or the '439 patent;

F.  Preliminarily and permanently enjoin Nexus, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or actions against HP's customers, or users of HP's products and services, for alleged infringement of the '578 patent, the '328 patent, the '498 patent, and/or the '439 patent;

G. For an order finding this case exceptional pursuant to 35 U.S.C. § 285 and awarding HP its reasonable attorney's fees;

H. That HP be awarded its costs of suit incurred in this action; and

I.  For such other and further relief as the Court deems just and proper.

**NDT's Answer:** NDT denies that HP is entitled to any of the relief that it seeks in its Prayer for Relief. Additionally, to the extent the Prayer for Relief is interpreted to contain any factual allegations, NDT denies them.

## **NDT'S PRAYER FOR RELIEF**

NDT respectfully requests the Court find in its favor and against HP, and that the Court grant NDT the following relief:

A.    A judgment that all relief requested by NDT in its Complaint be granted;

B.    A judgment that all relief requested by HP in its Answer, Defenses and

Counterclaims be denied, and HP take nothing by way of counterclaims;

      C.     A judgment dismissing the counterclaims with prejudice; and

      D.     Such other and further relief as the Court may deem just and proper.

DATED: June 25, 2015.       Respectfully submitted,

                        */s/ Alisa Lipski*
                        Alisa A. Lipski
                        California Bar No. 278710
                        alipski@azalaw.com
                        AHMAD, ZAVITSANOS, ANAIPAKOS,
                        ALAVI & MENSING P.C.
                        1221 McKinney Street, Suite 3460
                        Houston, TX 77010
                        Telephone: 713-655-1101
                        Facsimile: 713-655-0062

                        **ATTORNEY FOR PLAINTIFF**
                        **NEXUS DISPLAY**
                        **TECHNOLOGIES LLC**

PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS